_In re_ FRANK SCHNECK, _Petitioner._

No. 15,932.   (96 Pac. 43.)

SYLLABUS BY THE COURT.

1. STATUTORY CONSTRUCTION—_Repeal of a Statute—Penalty for a Crime—General Saving Clause._ Where, upon the repeal and amendment of a section of the statute which prescribes a penalty for a crime, no saving clause is embodied in the amendment, the general saving clause in section 7342 of the General Statutes of 1901 applies.

2. WORDS AND PHRASES—_"Penalty Incurred."_ The words "penalty incurred" in section 7342 of the General Statutes of 1901 are used in their primary and ordinary meaning, which is, a punishment brought upon one's self, and therein are especially, if not solely, applicable to criminal cases.

3. CRIMINAL LAW—_Murder—Bail._ A person charged with the crime of murder in the first degree, at a time when the statute prescribed the penalty of death for the offense, is not, where the proof is evident or the presumption great, entitled to bail, although the prosecution for the offense may have been commenced after the repeal of that penalty and the enactment of an amendment imposing the penalty of imprisonment for life.

Original proceeding in _habeas corpus._ Opinion filed May 9, 1908. Writ denied.

_R. E. Melvin,_ and _W. J. Costigan,_ for petitioner.

_Fred S. Jackson,_ attorney-general, _John S. Dawson,_ assistant attorney-general, _W. B. Pleasant,_ and _Ed T. Riling,_ for respondent.

The opinion of the court was delivered by

SMITH, J.: The petitioner, in the month of March, 1908, was arrested upon a complaint charging him with having committed the crime of murder in the first degree in the month of February, 1907, in the county of Franklin. He was taken before a justice of the peace of the county, and upon a preliminary examination, in which he was represented by counsel, the

justice of the peace found that the crime of murder in the first degree had been committed, that the proof of the petitioner's guilt thereof was evident and the presumption great, and that the offense was not bailable. The petitioner was thereupon committed to the jail of the county until the next term of court and until he should be discharged according to law. Afterward he presented his petition for a writ of *habeas corpus* to the district judge of Franklin county for the purpose of being admitted to bail. A hearing was had upon the application, and bail was again refused upon a finding that the crime charged had been committed and that the proof of the petitioner's guilt was evident and the presumption great. Thereafter, and after the commencement of the term of court to which the defendant was committed to appear, he filed his petition in this court for the same purpose. Upon the hearing in this court he produced a transcript of the evidence taken before the justice of the peace, and also a transcript of the evidence taken on the hearing before the district judge, for the purpose of having the question of fact reviewed.

As the district court of the county is now in session and the action therein is set for hearing upon its merits at the present term, we decline to review the evidence upon the question of fact, but assume, for the purpose of determining the legal questions involved, that the findings of the justice of the peace and of the district judge are supported by the evidence.

The constitution of the state, section 9 of the bill of rights, provides that "all persons shall be bailable by sufficient sureties except for capital offenses, where proof is evident or the presumption great." Section 1993 of the General Statutes of 1901 was in force in the month of February, 1907, when the crime of murder in the first degree is charged to have been committed. In part it reads: "Persons convicted of murder in the first degree shall suffer death." Section 5493

of the General Statutes of 1901 was also in force at that time. It reads:

"Persons charged with an offense punishable with death shall not be admitted to bail when the proof is evident or the presumption great; but for all other offenses bail may be taken in such sums as in the opinion of the magistrate will secure the appearance of the person charged with the offense at the court where such person is to be tried."

It will be observed that the legislature, in the enactment of the sections quoted, construed the words "capital offenses" in the constitutional provision as meaning offenses punishable by death. This is the general and legal meaning of the words.

The legislature of 1907, by section 1 of chapter 188 of the Laws of 1907, repealed and amended section 1993 of the General Statutes of 1901 so as to read:

"Persons convicted of murder in the first degree shall be punished by confinement and hard labor in the penitentiary of the state of Kansas for life."

This act was approved January 30, 1907, and took effect upon the publication of the statute-book, May 27, 1907. No saving clause is incorporated in the act of 1907. Section 7342 of the General Statutes of 1901, however, provides as follows:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

"First. The repeal of a statute does not revive a statute previously repealed nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

It is urged on behalf of the petitioner that, as the

14—78 KAN.

criminal action against him was not commenced until after the repeal of the statute imposing the death penalty, the penalty of death can not be imposed upon him, if he be convicted, and therefore the crime charged is not a capital offense and is bailable. Had the legislature in the enactment of the amendment which changes the penalty provided to what cases the amendment should be applicable with reference to the time of its passage, the special provision would control. In the absence, however, of any such provision the general provision in section 7342 applies. The disputed question, then, hinges upon the meaning of the words "penalty incurred," as used in the general provision. Primarily they mean a punishment brought upon one's self, but they are used with reference to civil forfeitures also. Any civil claim to which the latter meaning might attach is fully comprehended and protected in a former clause of the section: "any right which accrued." It is not to be presumed that the clause in question adds nothing to the provision; hence we conclude the words were used in their primary and more usual signification, and the clause is especially, if not solely, applicable to criminal cases.

The penalty is imposed by the court after the fact of guilt is legally determined. It is incurred when the act for which the law prescribes the penalty is committed. It follows, then, since the crime is charged to have been committed before the repeal of the statute prescribing the penalty of death, that the repeal and amendment do not affect the penalty of the crime charged, and, assuming that the proof is evident and the presumption great, the petitioner is not entitled to bail.

The petition is denied.