# MAYOR AND CITY COUNCIL OF BALTIMORE ET AL. v. THE A. S. ABELL COMPANY

[No. 26, September Term, 1977.]

*Decided October 4, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ORTH, JJ.

*Kaye T. Brooks, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Ward B. Coe, III, Assistant Attorney General,* on the brief, for appellant Department of Assessments and Taxation. *Joseph L. Woytowitz, Chief Solicitor,* with whom was *Benjamin L. Brown, City Solicitor,* on the brief, for appellant Mayor and City Council of Baltimore.

*George D. Hubbard* and *Charles R. Moran,* with whom were *Herman B. Rosenthal* and *Semmes, Bowen & Semmes* on the brief, for appellee.

*Singley,* J., delivered the opinion of the Court.

We approach this case with a sense of déjà vu. In *Hearst Corporation v. State Department of Assessments and Taxation,* 269 Md. 625, 308 A. 2d 679 (1973), we held that the equipment used in printing a newspaper, in that case the Baltimore News American, was entitled to the exemption from taxation granted to machinery used in manufacturing by Baltimore City Code (1966) Art. 28, § 83 (a).

*Hearst* involved assessments on an inventory of newsprint and tools and machinery for the tax years 1967-1970, both inclusive. *Hearst,* which was decided on 17 August 1973, held that the newspaper's tools and equipment were entitled to

the manufacturer's exemption, as was its inventory of newsprint, as a raw material used in manufacturing, 269 Md. at 646.

In March, 1974, the A. S. Abell Company (Abell), the publisher of the Baltimore Sunpapers, sought from the State Department of Assessments and Taxation (the Department) a refund of tangible personal property taxes paid for the years 1970 through 1973, both inclusive.[1] The parties seem to agree that Abell's machinery, equipment and inventory are substantially similar to Hearst's. The Department denied the refund claimed; Abell appealed to the Maryland Tax Court (the Tax Court) which affirmed the Department's denial, and then appealed to the Baltimore City Court, which reversed the order of the Tax Court, and granted the refund claimed together with interest under an amended order.

The Department and the Mayor and City Council of Baltimore (the City), which had intervened in the proceeding before the Tax Court, appealed to the Court of Special Appeals. We granted certiorari before the matter came on for hearing in that court.

While the Department and the City seek to fragment the issue, the question before us is essentially one of statutory construction. In August, 1973, when *Hearst* was decided, and in March, 1974, when Abell's claim was filed, refunds of taxes erroneously assessed could be claimed under Chapter 403 of the Laws of 1972 (the 1972 statute), codified in Maryland Code (1957, 1973 Cum. Supp.) Art. 81, § 39A:

> "(a) Whenever the supervisors of assessments or the department of assessments of Baltimore City or the State Department of Assessments and Taxation shall determine that the assessment of any personal property was erroneous due to an existing exemption to which the taxpayer was entitled at the time of assessment, the taxpayer shall be entitled to a refund of the personal property taxes paid

---

1. The taxes totaled $741,099.76.

according to the erroneous assessment, notwithstanding the failure to protest and appeal the erroneous assessment in accordance to the provision of this article.

"(b) *Any taxpayer who shall apply within five (5) years from the date of finality* for assessment for any tax year shall be eligible for a refund under this section for any taxes paid for such tax year as a result of any erroneous assessment of personal property; provided, however, that any taxpayer shall have until July 1, 1973 to apply for and be eligible for such refund based on any erroneous assessment of personal property made since December 31, 1965." (Emphasis supplied.)

Art. 81, § 39A was revised by Chapter 658 of the Laws of 1974, effective 1 June 1974 (the 1974 statute), and now reads:

"(a) Whenever the supervisors of assessments or the department of assessments of Baltimore City or the State Department of Assessments and Taxation shall determine that the assessment of any personal property was erroneous due to an exemption to which the taxpayer was entitled at the time of assessment by virtue of a regulation, administrative interpretation, or controlling case law existing as of the date of assessment, the taxpayer shall be entitled to a refund of the personal property taxes paid according to the erroneous assessment, notwithstanding the failure to protest and appeal the erroneous assessment in accordance to the provision of this article.

"(b) *Any taxpayer who shall apply within one year from the date of finality* for assessment for any tax year shall be eligible for a refund under this section for any taxes paid for such tax year as a result of such erroneous assessment of personal property." (Emphasis supplied.)

The Department and the City would have us hold that Abell's claim for refund is governed by the 1974, and not by

the 1972 statute, and therefore must have been filed within one year of the date of finality of the contested assessment.[2] Abell's position is that the 1972 statute is controlling and that the claim which it filed in March of 1974 was within five years of the date of finality of assessments for the tax years 1970-1973, both inclusive.

It seems to us that Abell has the better of this argument. Code (1957, 1976 Repl. Vol.) Art. 1, § 3 provides, in effect, that the repeal and reenactment of a statute does not affect liabilities which arose prior to the repeal, unless the reenacting statute specifically so provides. There was no such provision in the 1974 statute. *State Comm'n on Human Rel. v. Amecon Div.*, 278 Md. 120, 123-24, 360 A. 2d 1, 4 (1976); *State Farm Mut. Auto Ins. Co. v. Hearn, Adm'x*, 242 Md. 575, 582, 219 A. 2d 820, 824 (1966); 56 Op. Att'y Gen. 293, 300 (1971).

The Department argues that because *Baltimore County v. Churchill, Ltd.*, 271 Md. 1, 10, 313 A. 2d 829, 835 (1974), *appeal dismissed*, 417 U. S. 902 (1974), described the 1972 statute as setting up a new procedure, Abell's rights under the 1972 statute were procedural and not substantive, and could be abridged.

We disagree. The 1972 statute created a new right, beyond that conferred by Code Art. 81, § 214, which was clearly substantive. The statute created a procedure in a technical sense only, that of a new mechanism.

As the lower court (Greenfeld, J.) noted, where a statute creates a new substantive right, the period of limitations is a condition precedent to and is part of the substantive right of action, *Slate v. Zitomer*, 275 Md. 534, 542, 341 A. 2d 789, 794 (1975), *cert. denied sub nom. Gasperich v. Church*, 423 U. S. 1076 (1976). In the absence of a clear expression of contrary intent, a statute of limitations will not be construed as operating retroactively to bar the enforcement of pre-existing rights, *Ireland v. Shipley*, 165 Md. 90, 99, 166 A. 593, 596-97 (1933).

---

2. Maryland Code (1957, 1975 Repl. Vol.) Art. 81, § 29A fixes the date of finality at 1 January preceding the beginning of each tax year.

We regard the Department's reliance on *People v. Lindheimer*, 371 Ill. 367, 21 N.E.2d 318 (1939), *appeal dismissed*, 308 U. S. 505, as misplaced. That case, which involved the unconditional repeal of a tax refund statute, which was held to obliterate refund claims, clearly distinguished the situation where a refund statute is repealed and reenacted, as was the case here.

The Department makes much of the fact that the 1972 statute spoke in terms of "an existing exemption to which the taxpayer was entitled at the time of assessment." The dates of finality of Abell's assessments were 1 January of the years 1970, 1971, 1972 and 1973.

When *Hearst* was decided in August, 1973, it established as a matter of right the exemption from tangible personal property taxes of machinery and equipment used by the News American for the tax years commencing in 1967. We conclude that as a result of the decision the Sunpapers had a right to a similar exemption under which refunds could have been sought for the tax years commencing in 1967, except that when the Sunpapers claimed refunds in March of 1974 under the 1972 statute, refunds for 1969 and prior years were barred by the five-year limitation contained in the 1972 statute. We accept the lower court's view that the 1972 statute permitted a refund "if the exemption existed by virtue of a statute existing but uninterpreted at the time of the assessment, but later interpreted to permit the exemption." [3] As we noted in *Hearst*, 269 Md. at 642, "Here, however, we are faced with a different Ordinance, which . . . does not deny the printer or publisher of a newspaper an exemption . . . ."

---

**3.** It should be emphasized that the tax statute, Baltimore City Code (1966) Art. 28, § 83 (a) before the Court in Hearst Corporation v. State Department of Assessments and Taxation, 269 Md. 625, 308 A. 2d 679 (1973) was different from that before the Court in American Newspapers, Inc. v. State Tax Commission, 174 Md. 56 [American Newspapers, Inc. v. McCardell], 197 A. 574 (1938).

It seems to us that the 1974 statute was enacted in response to the result reached in *Hearst.* It could not be applied to Abell's claim for refund which was filed before the 1972 statute was modified.

> *Order of Baltimore City Court as amended affirmed; costs to be paid by appellants.*