# STATE OF MARYLAND *v.* WILLIAM THOMAS JOHNSON

[No. 57, September Term, 1978.]

*Decided June 26, 1979.*

The cause was argued before MURPHY, C. J. and SMITH, DIGGES, ELDRIDGE and COLE, JJ.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

*Patricia A. Logan, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

The issue in this appeal from the judgment imposing sentence to be served following a revocation of probation is whether under the circumstances of this case the law existing at the time the appeal is decided or the law existing at the time of the trial is controlling.

William Thomas Johnson (Johnson) pleaded guilty to rape on November 26, 1976 and on December 30, 1976, the trial court suspended a sentence of five years imprisonment and placed him on probation for five years. Johnson was later convicted for an assault which occurred on January 1, 1977 and as a consequence tried and convicted for a violation of his probation. The trial court ordered that the suspension of Johnson's sentence be stricken and directed that the five year sentence for rape be reinstated and served consecutively to the sentence for the subsequent assault conviction. The following colloquy between the court and defense counsel, which forms the basis for our review, took place:

> THE COURT: Judge Hamill places him on probation and he turns around and becomes involved in an assault case. If someone violates his probation by committing another offense he almost ties the Courts hands. I can see how he failed to pay court

costs and failed to pay a fine. But, he commits another serious offense in less than forty-eight hours. And, apparently he was given all the considerations in the rape case. I don't think the Court can condone it. I don't think the Court can do anything but strike the probation and have it run consecutive with the present sentence. And, he can receive credit for anytime he has served on this assault.

DEFENSE COUNSEL: Your Honor, can I ask you this: If you are inclined to run the sentences consecutive, I do believe you have the power to reduce the years imposed.

THE COURT: I do not. The Court has ruled on that umpteen times. We cannot change it one minute; one hour. The original sentence cannot be changed in anyway. All we can do is make it concurrent, consecutive, dismiss the charges or continue it. That's all. We do not have any choice at all. No discretion. That's how I understand the law.

DEFENSE COUNSEL: Thank you, Your Honor.

Johnson appealed to the Court of Special Appeals contending that the trial court did possess the power to change his sentence and erred by refusing to even consider a sentence of less than five years. In an unreported per curiam opinion, the Court of Special Appeals accepted Johnson's contentions. *Johnson v. State,* No. 1327, September Term, 1977, filed July 11, 1978. The court held that under the reasoning of its prior decision in *Magrogan v. Warden,* 16 Md. App. 675, 299 A. 2d 460 (1973) and the opinion of this Court in *Coleman v. State,* 231 Md. 220, 189 A. 2d 616 (1963), the trial court "correctly stated its options and, at the time of the revocation proceeding, it was without authority to change the five-year sentence for rape." Slip opinion at 3. The Court of Special Appeals went on, however, to state that by Chapter 626 of the Laws of Maryland of 1978, effective July 1, 1978, the General Assembly had amended Article 27, § 642 of the Maryland Code to give the judge presiding at a revocation of

probation proceeding discretion as to whether the probationer should be ordered to serve the entire period of imprisonment set forth in the probationer's original sentence or only a portion of that time. *Id.* The Court of Special Appeals held that in order that its mandate be consistent with current law, "the sentence imposed by the lower court must be vacated, and the case remanded so that the court can reconsider its decision as to sentence in light of the new Act." *Id.* Upon petition of the State, we granted certiorari to consider this important issue.

The difference between Maryland Code (1957, 1976 Repl. Vol.), Article 27, § 642 in September 1977 and as amended on July 1, 1978 is that a judge upon revoking probation is now clothed with the discretion to impose less than the full term of the suspended sentence.[1]

---

1. Prior to July 1, 1978, Article 27, § 642 of the Maryland Code read:

§ 642. Where judge suspends sentence or fails to sentence, sentence may later be imposed by another judge.

Whenever any person shall have been convicted of any offense in any of the courts of record, of this State, having criminal jurisdiction, and the judge presiding therein shall not have imposed sentence or shall have suspended sentence generally or for a definite time or shall have placed the offender upon probation, or shall have made such other order and imposed such other terms as he may deem proper, and said person should at any time thereafter be brought before the court to be sentenced upon the original charge of his conviction, or for a violation of the terms and conditions of the order of probation in the case, the judge who may then be presiding in that particular court may proceed to sentence the said person.

Effective July 1, 1978, Article 27, § 642 of the Maryland Code reads (emphasis supplied):

§ 642. Where judge suspends sentence or fails to sentence, sentence may later be imposed by another judge.

Whenever any person is convicted of any offense in any of the courts of record of this State, having criminal jurisdiction, and the judge presiding does not impose sentence or suspends sentence generally or for a definite time places the offender upon probation, or makes another order and imposes other terms as she or he may deem proper, and that person at any time thereafter is brought before the court to be sentenced upon the original charge of his conviction, or for a violation of the terms and conditions of the order of probation in the case, the judge who then is presiding in that particular court may proceed to sentence the person to serve the period of imprisonment prescribed in the original sentence *or any portion thereof,* or if no sentence was imposed, any sentence provided for by law for the crime for which that person was originally convicted.

The State concedes that this change in the law would generally authorize the appellate court to apply the law existing at the time of appellate review, even if such application resulted in a reversal of the trial court's judgment which was correct when entered. However, the State contends that the rule authorizing such action on appellate review does not apply when the legislature has indicated a contrary intent. The State contends that in the general savings clause, Code (1957, 1976 Repl. Vol.), Article 1, § 3, the Legislature has provided that criminal statutes, although amended, shall be treated as remaining in force for the purpose of sustaining any judgment imposed thereunder unless the amendatory legislation expressly provides to the contrary and further that § 642 as amended, does not expressly or otherwise, demonstrate a contrary intention. Therefore, and because the amendment affects a criminal penalty, the State insists that the new version of § 642 should not be applied so as to extinguish, alter or modify the penalty already incurred and imposed under the prior law.

Johnson, on the other hand, primarily contends that § 642 as amended did not alter, modify or change any penalty and therefore the Court of Special Appeals did not err in holding that the July 1, 1978 version of § 642 applies to this case. We believe the Court of Special Appeals was wrong.

It is a widely recognized principle that the retroactive operation of a statute is disfavored. *Cooper v. Wicomico County,* 278 Md. 596, 366 A. 2d 55 (1976); *St. Comm'n on Human Rel. v. Amecom Div.,* 278 Md. 120, 360 A. 2d 1 (1976); *Rigger v. Baltimore County,* 269 Md. 306, 305 A. 2d 128 (1973); *Kastendike v. Baltimore Ass'n,* 267 Md. 389, 297 A. 2d 745 (1972). However, the established exception to this principle is that a statute which affects a matter still in litigation when the statute becomes effective will be applied by a reviewing court even though the statute was not then law when the decision appealed from was handed down, unless the legislature expresses a contrary intent. *Aviles v. Eshelman Elec. Corp.,* 281 Md. 529, 379 A. 2d 1227 (1977); *Janda v. General Motors,* 237 Md. 161, 205 A. 2d 228 (1964); *Yorkdale v. Powell,* 237 Md. 121, 205 A. 2d 269 (1964); *Smith v. State,*

45 Md. 49 (1876); *Keller v. State,* 12 Md. 322 (1858). *See United States v. Reisinger,* 128 U. S. 398, 9 S. Ct. 99, 32 L. Ed. 480 (1888). Thus many courts adhere to the proposition that in the absence of a contrary expression of intent, a cause of action or remedy dependent upon a statute falls with the repeal of a statute. *E.g., Governing Bd. of Rialto Unified Sch. Dist. v. Mann,* 18 Cal.3d 819, 558 P. 2d 1, 135 Cal. Rptr. 526 (1977) (en banc); *Matter of Estate of Hoover,* 251 N.W.2d 529 (Iowa 1977); *State Highway Com'n, etc. v. Wieczorek,* 248 N.W.2d 369 (S.D. 1976).

Where penalties, rights or. liabilities incurred or accrued under a prior version of a statute would otherwise be extinguished by its repeal, most legislatures have enacted general savings statutes which have the effect of continuing a repealed statute in force for the purpose of punishing offenses committed prior to repeal. Thus, a general savings statute preserves penalties imposed under prior law except where a subsequent repealing act manifests the legislative intention to the contrary. *City of Baltimore v. A. S. Abell Co.,* 281 Md. 162, 377 A. 2d 873 (1977). *Accord, Alaska Public Utilities v. Chugach Elec. Ass'n,* 580 P. 2d 687 (Alaska 1978); *State v. Lewis,* 91 R.I. 110, 161 A. 2d 209 (1960); 2A *Sutherland Statutory Construction,* § 47.13, at 92-93 (4th ed. C. Sands 1973) and cases cited therein.

Maryland has such a general savings clause which appears in Code (1957, 1976 Repl. Vol.) Article 1, § 3. It provides:

§ 3. Effect of repeal or revision of statute on penalty or liability previously incurred.

The repeal, or the repeal and reenactment, or the revision, amendment or consolidation of any statute, or of any section or part of a section of any statute, civil or criminal, *shall not have the effect to release, extinguish, alter, modify or change, in whole or in part, any penalty, forfeiture or liability,* either civil or criminal, which shall have been incurred under such statute, section or part thereof, *unless the* repealing, repealing and reenacting, revising, amending or consolidating *act shall expressly so provide;* and such statute, section or part thereof, so

repealed, repealed and reenacted, revised, amended or consolidated, shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings or prosecutions, civil or criminal, for the enforcement of such penalty, forfeiture or liability, as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability. [emphasis supplied].

We interpret this provision as saving any penalty, forfeiture or liability incurred under a statute which is subsequently repealed or amended unless the repealing act expressly provides otherwise. As we read Chapter 626, it specifically states that it was "repealing and reenacting, with amendments" § 642 of Article 27, effective July 1, 1978; nowhere does Chapter 626 indicate that the Legislature intended to restrict the operation of Article 1, § 3.

However, Johnson argues that § 642 as amended does not trigger the operation of the savings clause in any event since it does not have the effect of modifying or changing any penalty, forfeiture or liability. We disagree.

Our predecessors in *Coleman v. State,* 231 Md. 220, 189 A. 2d 616 (1963) set forth the proposition that upon revocation of probation the trial court was powerless to alter the sentence. The Court said that when "the probation is stricken out, the defendant should not be resentenced. His original sentence is effective with the probationary provisions stricken out." [2]

Section 642, prior to its amendment, basically provided that a judge, other than the original sentencing judge, "then . . . presiding in that particular court may proceed to sentence" the defendant. Section 642 as amended provides that the judge then presiding in that particular court may sentence the defendant to serve the original sentence or any portion

[2]. *See* Kaylor v. State, 285 Md. 66, 400 A. 2d 419 (1979), for this Court's latest explication of Coleman v. State.

thereof. This latest enactment, therefore, authorizes the judge hearing the revocation of probation to modify the suspended sentence by causing the defendant to serve a lesser period than originally imposed. Thus, clearly the new § 642 authorizes a change in penalty imposed prior to its enactment and activates the savings clause under Article 1, § 3, there being no express legislative intent to the contrary.

Many other courts subscribe to our holding that the terms "penalty, forfeiture or liability," as used in general savings clauses, may bar "application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Warren v. Marrero,* 417 U. S. 653, 94 S. Ct. 2532, 41 L.Ed.2d 383 (1974). *Accord, United States v. Blue Sea Line,* 553 F. 2d 445 (5th Cir. 1977); *State v. Vineyard,* 96 Ariz. 76, 392 P. 2d 30 (1964); *In re Schneck,* 78 Kan. 207, 96 P. 43 (1908); *State v. Dreaux,* 17 So.2d 559 (La. 1944); *Patrick v. Commissioner of Correction,* 352 Mass. 666, 227 N.E.2d 348 (1967); *Tellis v. State,* 84 Nev. 587, 445 P. 2d 938 (1968).

Thus we conclude that the provisions of Article 1, § 3 are applicable to the facts before us. Accordingly, this general savings statute operates to preserve the five year sentence which the trial court reinstated upon the revocation of Johnson's probation under *Coleman v. State, supra,* notwithstanding the amendment to Article 27, § 642.

Because the Court of Special Appeals erred in failing to consider the applicability or effect of Article 1, § 3 and improperly held that the 1978 amendment to Article 27, § 642 should be given retroactive effect, we reverse its judgment and affirm the judgment of the trial court that Johnson serve his five year sentence for rape consecutive to the sentence for his subsequent assault conviction.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court for passage of an order affirming the judgment of the Criminal Court of Baltimore; costs to be paid by the appellee.*