726 A.2d 875

**April D. YANCY, et al.**

v.

**DEPARTMENT OF LABOR LICENSING AND REGULATION.**

**No. 693, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

April 5, 1999.

720

Joel A. Smith (Sarah P. Harlan, Sabrina Willis and Kahn, Smith & Collins, P.A., on the brief), Baltimore, for appellant.

Jean H. Baker, Asst. Atty. General (J. Joseph Curran, Jr., Atty., General and Susan M. Cherry, Asst. Atty. General, on the brief), Baltimore, for appellee.

Argued before MOYLAN, THIEME, and JOHN J. BISHOP (Ret'd, Specially Assigned), JJ.

THIEME, Judge.

This appeal is from a judgment of the Circuit Court for Baltimore City that affirmed the finding of an administrative law judge that appellant, Dr. April D. Yancy, D.V.M., formerly an "additional employee" of the Maryland State Racing Commission, was not eligible to pursue redress through the grievance procedures of the Maryland State Personnel Management System. We shall reverse that decision.

## Facts and Statement of the Case

April D. Yancy is a veterinarian who, until November 9, 1996, was employed by the Maryland Racing Commission (Commission), a division of the Department of Labor, Licensing, and Regulation (DLLR). Due to a change in state regulations that opened veterinary tasks to non-veterinarians, her continued employment was determined to be unnecessary and she was terminated. On November 19, 1996, she filed an appeal and grievance in accordance with the grievance procedures of the State Personnel Management System (SPMS). On March 4, 1997, she was informed by the Department of Budget and Management (DBM) that, given her former status as an "additional employee" of the Commission, she was not included in the SPMS and thus not entitled to use of the SPMS grievance procedures. She was informed that the decision of the Commission would be the final administrative decision in her case under Md.Code (1994, 1997 Repl.Vol.), § 11–305, 11–113(d) of the State Personnel and Pensions Article (SPP).

Despite the Commission's decision, the DBM felt that it could not dismiss the appellant's appeal of her termination. Consequently, on March 5, 1997, it forwarded the case to the Office of Administrative Hearings (OAH) for a determination of the OAH's jurisdiction over the appellant's appeal and grievance under SSP § 11–110(b)(1)(ii). On April 29, 1997, a hearing was held before an administrative law judge on DLLR's motion to dismiss the appellant's appeal and grievance. On July 14, 1997, the administrative law judge granted the motion to dismiss on the ground that the appellant's

employment status did not permit her use of the SPMS's grievance process.

The appellant sought judicial review of the decision of the administrative law judge by the Circuit Court for Baltimore City. After hearing arguments on February 10, 1998, the court affirmed the decision of the administrative law judge on February 19. This appeal was filed on March 18, 1998.

### Question Presented

The appellant presents one question for our review:

Is an "additional employee" of the Maryland Racing Commission included in the State Personnel and Management System and thus permitted to file a grievance under the State's grievance procedures?

To this question we answer yes.

### Standard of Review

Our standard of review of administrative decisions was set out at length in our opinion in *White v. North,* 121 Md.App. 196, 708 A.2d 1093, *cert. granted,* 351 Md. 7, 715 A.2d 965 (1998):

Our role in reviewing an administrative decision "is precisely the same as that of the circuit court." This means we must review the administrative decision itself.

In its judicial review of an agency's action, a court may not uphold an agency decision unless it is sustainable on the agency's actual findings and for reasons advanced by the agency in support of its decision. In reviewing the decisions of administrative agencies, the court must accept the agency's findings of fact when such findings are supported by substantial evidence in the record.

In assessing whether the Board's decision is supported by substantial evidence, we apply the rule that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." In other words, the scope of review "is limited 'to whether a reason-

ing mind could have reached the factual conclusion the agency reached'."

We must review the agency's decision in a light most favorable to the agency, since "decisions of administrative agencies are prima facie correct." In applying the substantial evidence test, we do not substitute our judgment for the expertise of the agency, for the test is a deferential one, requiring " 'restrained and disciplined judicial judgment so as not to interfere with the agency's factual conclusions'." This deference applies not only to agency fact-finding, but to the drawing of inferences from the facts as well. "Where inconsistent inferences from the same evidence can be drawn, it is for the agency to draw the inferences." When the agency's decision is predicated solely on an error of law, however, no deference is appropriate and the reviewing court may substitute its judgment for that of the agency.

*Id.* at 219–21, 708 A.2d 1093 (citations omitted). With that standard in mind, we proceed to the review of the administrative law judge's decision.

### State Personnel and Pensions § 6–302

Section 6–302 provides in relevant part that, "[e]xcept as provided in this subsection or otherwise by law, all positions in the Executive Branch of State government are in the State Personnel Management System." SSP § 6–302(a). The Commission is a unit of the DLLR, and is thus a part of the executive branch. *See* Md.Code (1992, 1998 Repl.Vol.), §§ 11–201, 1–101(f) of the Business Regulation (BR) Article. The Commission is empowered by law to "employ additional employees or agents" in various relevant job categories. *Id.* § 11–207(a).[1] We find nothing in the language of that section,

---

1. The statute reads in pertinent part:

> (a) On the recommendation of the executive director, the Commission may employ additional employees or agents, including auditors, experts, guards, inspectors, a breathalyzer operator at each harness racing track, scientists, Commission secretaries, specimen collectors, veterinarians, and others whom the Commission considers to be

in the Business Regulation Article as a whole, or elsewhere in our law that excepts the Commission's "additional employees" from participation in the SPMS. *See Department of State Planning v. Mayor and Council of the City of Hagerstown,* 288 Md. 9, 15, 415 A.2d 296 (1980) (citing *In re James S.,* 286 Md. 702, 705, 410 A.2d 586 (1980)) ("Where statutory language is plain and unambiguous, and expresses a definite meaning consonant with the statute's purpose, courts must not insert or delete words to make a statute express an intention different from its clear meaning.").

### No Exclusion from SPMS in Business Regulation § 11–207

The administrative law judge based his opposite conclusion on several factors. First, he compared BR §§ 11–206 and 11–207. He concluded that the "staff" authorized by § 11–206, who were expressly included in the SPMS, were to be contrasted with the "additional employees," who were not so included. We must reject this reasoning. SPP § 6–302 does not require that executive branch state employees be specifically included in the SPMS. The presumption is that they are so included. Rather, it requires that employees **not** to be included in the SPMS be explicitly **excluded** from the system. *Cf. State Admin. Bd. of Election Laws v. Billhimer,* 72 Md.App. 578, 586–87, 531 A.2d 1298 (1987) (holding that, under the old State employment merit system, "*all* employees of the State are deemed 'classified' unless they have been specifically exempted form that category"), *rev'd on other*

---

essential at or in connection with a race meeting in the best interests of racing.

(b) The licensee who holds the race meeting for which an additional employee is used shall pay:

(1) the employer contribution for the employee under the Employees' Pension System;

(2) the employer contribution, as determined by the Department of Budget and Management, for the retiree under § 2–508 of the State Personnel and Pensions Article; and

(3) an amount required under § 23–306.1(b) of the State Personnel and Pensions Article, if any.

SPP § 11–207(a)–(b).

*grounds,* 314 Md. 46, 548 A.2d 819 (1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1644, 104 L.Ed.2d 159 (1989); *Secretary, Maryland Dep't of Personnel v. Bender,* 44 Md.App. 714, 715, 411 A.2d 107 (1980) (same), *aff'd,* 290 Md. 345, 430 A.2d 66 (1981). There is no such explicit exclusion in BR § 11–207.

We note that the administrative law judge based his conclusion in part on the then existing language of BR § 11–206, which suggested to him that the Commission "staff" were explicitly under the SPMS, leading to the inference that § 11–207 "additional employees" were excluded. Originally, § 11–206 read as follows: "With the approval of the Commission and, except as otherwise provided by law, subject to the provisions of the State Personnel and Pension Article that govern classified service employees, the executive director shall appoint a staff of the Commission." BR § 11–206(a) (1992, 1996 Supp. superceded). On October 1, 1997, after the administrative law judge had made his ruling, BR § 11–206 was amended. The subsection now reads: "With the approval of the Commission and, except as otherwise provided by law, subject to the provisions of the State Personnel and Pensions Article, the executive director shall appoint a staff of the Commission." BR § 11–206(a). We have based our conclusions on the amended statute. *See State v. Johnson,* 285 Md. 339, 343, 402 A.2d 876 (1979) (holding that "a statute which affects a matter still in litigation when the statute becomes effective will be applied by a reviewing court even though the statute was not then law when the decision appealed from was handed down, unless the legislature expresses a contrary intent"); *Gee v. Mass Transit Admin.,* 75 Md.App. 253, 260, 540 A.2d 1194 *(same), cert. denied,* 313 Md. 8, 542 A.2d 845 (1988).

### Property Right versus Right to File Grievance

The administrative law judge next cited *Paice v. Maryland Racing Commission,* 539 F.Supp. 458 (D.Md.1982), for the conclusion that, under the predecessor statute to BR § 11–207, a veterinarian discharged by the Commission had "no contractual property interest beyond the racing period then in

effect." But, in the present case, no such property interest has been asserted. Instead, the appellant is merely asserting the right to file a grievance under the SPMS as provided in SPP §§ 12–101 through 12–405. We find that *Paice* is not on point.

### No Separate Provision of Benefits in Business Regulation § 11–207

The administrative law judge also cited the "further benefits" and "additional compensation" outlined in BR § 11–207(b) as evidence that the Commission's "additional employees" are not covered by the SPMS. BR § 11–207(b) does not detail any benefits or compensation:

(b) The licensee who holds the race meeting for which an additional employee is used shall pay:

(1) the employer contribution for the employee under the Employees' Pension System;

(2) the employer contribution, as determined by the Department of Budget and Management, for the retiree under § 2–508 of the State Personnel and Pensions Article; and

(3) an amount required under § 23–306.1(b) of the State Personnel and Pensions Article, if any.

SPP § 11–207(b). Rather, it specifies who will pay the listed compensation and benefits. It says nothing about eligibility for, or payment of, the compensation. It is no doubt due to the unique status of the Commission within state government that this payment arrangement was legislated. It is certainly atypical. There is nothing in it, however, that excludes "additional employees" from the SPMS.

### Legislative History

The administrative law judge also cited recent legislative history of BR § 11–207 as evidence that the legislature considered, and rejected, the inclusion of the Commission's "additional employees" in the SPMS. At one point in its drafting, Maryland House Bill 1121 of 1997 included a new subsection

that would have explicitly placed BR § 11–207(a) additional employees in "the Skilled Service of the State Personnel Management System." H.D. 1121 § 1 (Md.1997).[2] Although the addition of such a subsection would certainly have settled the question, its rejection does not lead to as clear an answer. Indeed, we think that to read such a rejected amendment as an exception of the Commission's "additional employees" from the SPMS is to reach far beyond the canons of statutory construction as they have been applied in Maryland. *See Amalgamated Cas. Ins. Co. v. Helms,* 239 Md. 529, 535–36, 212 A.2d 311 (1965) (holding that "the courts, in the absence of ambiguity, should, as a general rule, confine themselves to a construction of a statute as written, and not attempt, under the guise of construction, to supply omissions or remedy possible defects in the statute, or to insert exceptions not made by the Legislature"); *see also State Ins. Comm'r v. Nationwide Mut. Ins. Co.,* 241 Md. 108, 117, 215 A.2d 749 (1966). Consequently, we reject the conclusion that the failed amendment to BR § 11–207 is to be read as an exception under SPP § 6–302(a).

### Analogy to Contractual Employees

Finally, the administrative law judge noted that the status of BR § 11–207 "additional employees" is analogous to contractual employees. Whether or not that is the case, we do not find it to be determinative. There is nothing in SPP § 6–302(a), which refers to "all positions in the Executive Branch of State government," that excludes contractual employees

---

2. The amended section would have read:

(a)(1) On the recommendation of the executive director, the Commission may employ additional employees or agents, including auditors, experts, guards, inspectors, a breathalyzer operator at each harness racing track, scientists, Commission secretaries, specimen collectors, veterinarians, and others whom the Commission considers to be essential at or in connection with a race meeting in the best interests of racing.

(2) Additional employees employed by the Commission under paragraph (1) of this subsection are in the Skilled Service of the State Personnel Management System.

H.D. 1121 § 1 (Md.1997) (unenacted amendment of BR § 11–207(a)).

from the SPMS. Indeed, the predecessor statute to SPP § 6–302(a) explicitly, if redundantly, included "contractual employees" among those included in the SPMS. SPP § 1–203(a) (1994, repealed 1996).

### Conclusion

We reverse the decision of the circuit court and order the Commission to consider the appellant's grievance in accordance with SPP § 12–203.

**JUDGMENT REVERSED.**

**COSTS TO BE PAID BY APPELLEE.**