63 A.3d 575

**Calvin Montgomery WAKER**

v.

**STATE of Maryland.**

**No. 28, Sept. Term, 2011.**

Court of Appeals of Maryland.

March 26, 2013.

Brian M. Saccenti, Assistant Public Defender, (Paul B. DeWolfe, Public Defender, Baltimore, MD), on brief, for Petitioner/Cross–Respondent.

Mary Ann Ince, Asst. Atty. Gen., (Douglas F. Gansler, Attorney General of Maryland, Baltimore, MD), on brief, for Respondent/Cross–Petitioner.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA and JOHN C. ELDRIDGE (Retired, Specially Assigned), JJ.

ELDRIDGE, J.

The General Assembly, at its 2009 session, amended the Maryland theft statute to provide, *inter alia,* that the theft of property with a value of less than $1,000 is a misdemeanor punishable by imprisonment not exceeding 18 months. The statute was also amended to provide that the theft of property with a value of at least $1,000 but less than $10,000 is a felony punishable by imprisonment not exceeding ten years. *See* Ch. 655 of the Acts of 2009; Maryland Code (2002, 2012 Repl.Vol.), § 7–104(g)(1)(i) and (2)(i) of the Criminal Law Article. Prior to these 2009 amendments, the theft statute's dividing line

between a misdemeanor punishable by 18 months imprisonment and a felony punishable by a greater period of imprisonment was $500. The bill, which became Ch. 655 and which contained the 2009 amendments to the theft statute, was signed by the Governor on May 19, 2009, and had an effective date of October 1, 2009.

The petitioner, Calvin Waker, on March 30, 2009, committed a theft of property valued at $615. After one postponement, his trial was held on December 11, 2009. Waker was found guilty of the theft of property having a value of $615, and he was sentenced to ten years in prison. This Court granted a petition for a writ of certiorari to decide whether the penalty provisions of the 2009 theft statute amendments were applicable to Waker's sentencing.

## I.

The facts in this case are not disputed by the parties. Calvin Waker was charged in the District Court of Maryland, Baltimore County, with four counts of theft and one count of making a false statement to a police officer. Pursuant to Waker's request for a jury trial, the case was transferred to the Circuit Court for Baltimore County. Waker thereafter waived his right to a jury trial, and, on December 11, 2009, he was tried on a "agreed not guilty statement of facts." The Court found Waker guilty of theft of property having a value of $615, and the remaining charges were nolle prossed. As previously mentioned, Waker was sentenced to ten years incarceration.

According to the agreed statement of facts, Waker made a purchase at the Wal–Mart store at Putty Hill Avenue in Baltimore County on March 30, 2009, using a fraudulent credit card. Included in his purchase were four CDs, a pair of jeans, and a television set. The total cost of the items was $615.60. He was apprehended later the same day when he attempted to use the same fraudulent credit card at another Wal–Mart store in Cockeysville. Waker was charged, *inter alia*, with "steal[ing] property of [a] Wal-mart Store . . . having a value

of $615.60 ... in violation of" § 7–104 of the Criminal Law Article.

At the time of Waker's offense on March 30, 2009, the penalty provisions of § 7–104(g) of the Criminal Law Article read as follows:

"**§ 7–104. General theft provisions.**

\* \* \*

(g) *Penalty.*—(1) A person convicted of theft of property or services with a value of $500 or more is guilty of a felony and:

(i) is subject to imprisonment not exceeding 15 years or a fine not exceeding $25,000 or both; and

(ii) shall restore the property taken to the owner or pay the owner the value of the property or services."

Ch. 655 of the Acts of 2009, which became effective more than two months before Waker's trial and sentencing, modified the penalty provisions of § 7–104(g). The amended provisions of § 7–104(g) provided, in relevant part, as follows:

"(g) *Penalty.*—(1) A person convicted of theft of property or services with a value of:

(i) at least $1,000 but less than $10,000 is guilty of a felony and:

1. is subject to imprisonment not exceeding 10 years or a fine not exceeding $10,000 or both; and

2. shall restore the property taken to the owner or pay the owner the value of the property or services;

\* \* \*

"(2) Except as provided in paragraphs (3) and (4) of this subsection, a person convicted of theft of property or services with a value of less than $1,000, is guilty of a misdemeanor and:

(i) is subject to imprisonment not exceeding 18 months or a fine not exceeding $500 or both; and

(ii) shall restore the property taken to the owner or pay the owner the value of the property or services."

\* \* \*

Subsection (3) covers the theft of property or services with a value of less than $100, and subsection (4) addresses penalties for individuals with two or more prior theft convictions.

To reiterate, at the time when Waker's theft was committed, the theft of goods with a value of $615.60 was a felony punishable by up to 15 years in prison, a $25,000 fine or both. By the time Waker was tried, found guilty, and sentenced, a theft of $615.60 was a misdemeanor punishable by no more than 18 months in prison, a $500 fine, or both.

Waker noted an appeal to the Court of Special Appeals, which affirmed the judgment in an unreported opinion. He then petitioned this Court for a writ of certiorari, which was granted. *Waker v. State,* 420 Md. 81, 21 A.3d 1063 (2011). In his petition, Waker posed the following question:

"Where the General Assembly reduces the penalty for an offense after a defendant committed the offense but before he is tried and sentenced, and where the Act is silent as to its application in such a situation, is the defendant subject to the harsher penalty in effect at the time of the offense or the reduced penalty in effect at the time of the trial and sentencing?"

The State filed a cross-petition for a writ of certiorari which was also granted. *Ibid.* The cross-petition presented the following question:

"Did Waker fail to preserve his appellate claim regarding his conviction and sentence for felony theft, where Waker did not state a claim of sentence illegality?"

We shall hold that the issue concerning the legality of Waker's sentence was not waived by the failure to raise the issue in the trial court and that, therefore, it was preserved for appellate review. Furthermore, we shall hold that the sentence imposed by the Circuit Court was illegal.

## II.

As an initial matter, we address the State's argument that Waker failed to preserve for appellate review the issue regarding the legality of his sentence because he did not raise the issue in the Circuit Court. The State contends that, because Waker's illegal sentence argument was made for the first time on appeal, it was waived, and that the Court of Special Appeals abused its discretion by deciding the case on its merits.[1] Waker's argument, however, does not involve the discretion of the Court of Special Appeals or the discretion of this Court to excuse the waiver of an issue. Instead, the sentencing issue was not waived by Waker's failure to raise it in the trial court.

Waker contends that his trial and sentencing, which took place after the effective date of Ch. 655 of the Acts of 2009, was governed by Ch. 655. Because the sentence imposed by the trial court exceeded the maximum allowed by Ch. 655 for his offense, Waker claims that his sentence was not authorized by the controlling statutory provisions. Consequently, Waker argues, his sentence was illegal and, under Maryland Rule 4–

---

1. Maryland Rule 8–131(a) provides:
   "**Rule 8–131. Scope of review.**
      (a) **Generally.** The issues of jurisdiction of the trial court over the subject matter and, unless waived under Rule 2–322, over a person may be raised in and decided by the appellate court whether or not raised in and decided by the trial court. Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal."
   In addition to jurisdictional issues, there are a few other exceptions to Rule 8–131(a). As to issues covered by the Rule, where a claim of error is not raised in the trial court, both the Court of Special Appeals and this Court have "independent discretion . . . [to] recognize the existence of the error in the trial court's" ruling. *Squire v. State*, 280 Md. 132, 134, 368 A.2d 1019, 1020 (1977). Moreover, the Court of Special Appeals' exercise of discretion in this regard is reviewable by this Court for abuse of discretion if the issue is raised in a certiorari petition or a cross-petition such as the State filed in this case at bar. *See Dempsey v. State*, 277 Md. 134, 141–143, 355 A.2d 455, 459 (1976).

345(a), may be challenged on appeal even if the issue was not raised in the trial court.

It is axiomatic that, when a court imposes a sentence, and the sentence itself is not authorized by law, the sentence is illegal. *See, e.g., Greco v. State,* 427 Md. 477, 508, 48 A.3d 816, 834 (2012) ("[A]n illegal sentence [is] a sentence not permitted by law") (quoting prior cases, and with internal quotation marks omitted); *Alston v. State,* 425 Md. 326, 339–340, 40 A.3d 1028, 1036 (2012); *Matthews v. State,* 424 Md. 503, 514, 36 A.3d 499, 505 (2012) ("We have deemed sentences inherently 'illegal' . . . when the sentences exceeded the limits imposed by law, be it statute or rule"); *Montgomery v. State,* 405 Md. 67, 74, 950 A.2d 77, 81–82 (2008) (Because the sentence was not authorized by statutes or rules, "it constituted an illegal sentence"); *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949, 950–951 (1985).

Maryland Rule 4–345(a) states as follows:

"(a) **Illegal sentence.** The court may correct an illegal sentence at any time."

It has been settled since the 1985 opinion in *Walczak v. State, supra,* 302 Md. 422, 488 A.2d 949, that an illegal sentence claim "under Rule 4–345(a) . . . is not subject to waiver." *Johnson v. State,* 427 Md. 356, 371, 47 A.3d 1002, 1011 (2012).

In *Walczak,* the defendant was accused, *inter alia,* of robbery and stealing property worth several thousand dollars. Pursuant to a plea agreement with the State, the defendant Walczak "pleaded not guilty, elected a nonjury trial, and was tried on an agreed statement of facts," 302 Md. at 424, 488 A.2d at 950. Walczak was found guilty on one count, and the State nol prossed the remaining charges against him. Walczak signed a probation order which required that he pay restitution "to the victim of a crime of which he was not convicted." 302 Md. at 433, 488 A.2d at 954. Although he did not object to this order in the trial court, he later raised an objection to the probation order in the Court of Special Appeals and in this Court. This Court held as follows (302 Md. at 427, 488 A.2d at 951):

"We hold that when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a) ... provides that '[t]he court may correct an illegal sentence at any time.' Thus, a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence."

The principle set forth in *Walczak* has been applied in cases on direct appeal, in post conviction actions, and in separate actions under Rule 4–345(a) to correct an illegal sentence. *See, e.g., Greco v. State, supra,* 427 Md. at 503 n. 7, 48 A.3d at 831 n. 7 ("[W]e have held consistently that waiver principles do not apply to allegations of substantively illegal sentences. *See ... Walczak v. State, ...* "); *Montgomery v. State, supra,* 405 Md. at 75, 950 A.2d at 82 ("[F]ailure to object to an allegedly illegal sentence at the time it was imposed does not preclude a defendant from later raising the issue or later filing a motion to correct an illegal sentence"); *Chaney v. State,* 397 Md. 460, 466, 918 A.2d 506, 509 (2007) ("[i]f a sentence is 'illegal' within the meaning of [Rule 4–345(a) ], the defendant may" challenge "it, notwithstanding that (1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal"). This Court has gone so far as to vacate, *sua sponte,* a sentence which was, according to the Court, "illegal" within the meaning of Rule 4–345(a) even though no party, at any time, complained about the particular sentence. *See State v. Griffiths,* 338 Md. 485, 496–497, 659 A.2d 876, 882 (1995). *See also Boyd v. State,* 321 Md. 69, 73 n. 2, 581 A.2d 1, 3 n. 2 (1990).

■ If Waker's argument is correct, that Ch. 655 of the Acts of 2009 was applicable to his sentence, then the sentence actually imposed by the Circuit Court exceeded statutory limits and was illegal within the meaning of Rule 4–345(a).

Consequently, Waker is entitled to make that argument on appeal despite his failure to raise it in the trial court.

## III.

Waker contends that, when the General Assembly has reduced the penalty for an offense after the offense has been committed, but before the defendant's trial and sentencing has occurred, the trial court should apply the statute as it existed at the time of the trial and sentencing rather than the statute at the time of the offense. The State, however, argues that the law at the time when the offense was committed should be applicable. The State relies upon the so-called "General Saving Clause," codified in the Maryland Code's "Rules of Interpretation," Code (1957, 2011 Repl.Vol.), Art. 1, § 3, which states:

"The repeal, or the repeal and reenactment, or the revision, amendment or consolidation of any statute, or of any section or part of a section of any statute, civil or criminal, shall not have the effect to release, extinguish, alter, modify or change, in whole or in part, any penalty, forfeiture or liability, either civil or criminal, which shall have been incurred under such statute, section or part thereof, unless the repealing, repealing and reenacting, revising, amending or consolidating act shall expressly so provide; and such statute, section or part thereof, so repealed, repealed and reenacted, revised, amended or consolidated, shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings or prosecutions, civil or criminal, for the enforcement of such penalty, forfeiture or liability, as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability."

Under the common law, whenever a statute was repealed or amended after an alleged offense or after an event giving rise to some alleged liability, a court, including an appellate court,

would generally apply the law as it existed when the court was considering the case and not the law in effect when the alleged offense or event occurred. *See, e.g., Miles v. State,* 349 Md. 215, 230, 707 A.2d 841, 849 (1998); *State v. American Bonding Co.,* 128 Md. 268, 272–273, 97 A. 529, 531 (1916); *Keller v. State,* 12 Md. 322, 325–327 (1858). The general saving clause, quoted above, modified the common law principle in some types of cases.

The only opinion of this Court relied upon by the State, which involved the general saving clause, is *State v. Johnson,* 285 Md. 339, 402 A.2d 876 (1979). In fact, both the State and Waker rely upon language in *Johnson.* While there is language in *Johnson* which might seem favorable to the State's argument, and other language in the case favorable to Waker's argument, the holding in *Johnson* clearly does not support the State's position that, under the general saving clause, Waker was properly sentenced in accordance with the law prior to Ch. 655 of the Acts of 2009.

█ In *Johnson,* unlike the situation in the present case, the defendant was tried for violating probation, found guilty, and sentenced in accordance with the probation revocation law in effect during his violation of probation trial and sentencing. The change in the probation revocation sentencing law which was more favorable to the defendant occurred while the case was on appeal. This Court, in the opening sentence of the opinion, set forth the issue before the Court (*Johnson,* 285 Md. at 340, 402 A.2d at 876–877):

"The issue in this appeal from the judgment imposing sentence to be served following a revocation of probation is whether under the circumstances of this case the law existing at the time of the appeal is decided or the law existing at the time of trial is controlling."

The *Johnson* opinion held that, in light of the general saving clause, the law at the time of the trial and sentencing is controlling. The State's argument in *Johnson,* 285 Md. at 343, 402 A.2d at 878, accepted by this Court, was that, under the general saving clause, the former statute should "be treated as

remaining in force for the purpose of *sustaining any judgment imposed thereunder*," and that the new statute, effective during the appeal, should not be applied so as to "modify the *penalty already incurred and imposed* under the prior law" (emphasis added). The Court in *Johnson*, 285 Md. at 344, 402 A.2d at 879, later stated: "Thus, a general savings statute preserves penalties *imposed* under prior law . . . ." (Emphasis added).

In the present case, unlike in *Johnson*, the change in the statute favorable to Waker occurred prior to Waker's trial and sentencing. In contrast to *Johnson*, the penalties "incurred and imposed" on Waker were not those in effect at the time the trial court imposed sentence. The actual holding in *Johnson*, rather than supporting the State's argument in the case at bar, actually supports Waker's position that the trial court should have imposed the sentence in effect at the time of trial and sentencing.[2]

This Court has held that the general saving clause "is merely an aid to interpretation, stating the general rule against repeals by implication in more specific form." *State v. Kennerly*, 204 Md. 412, 417, 104 A.2d 632, 634 (1954). Accordingly, there are cases in which this Court has held that the statute does not apply. In *Miles v. State, supra,* 349 Md. at 230–232, 707 A.2d at 849, the Court held that the general saving clause does not apply to municipal ordinances. *See also State v. American Bonding Co., supra,* 128 Md. at 272–273, 97 A. at 531, decided four years after the enactment of the general savings clause in its present form, but the Court applied the common law principle to the repeal of an earlier statute. We are not aware of any decision by this Court

---

**2.** Another opinion, not cited by the State, but, like *Johnson*, containing some language arguably favorable to the State's position, is *Bell v. Maryland*, 236 Md. 356, 204 A.2d 54 (1964). In *Bell*, like *Johnson* but unlike the case at bar, the change in Maryland statutory law favorable to the defendant occurred while the case was on appeal. Moreover, a rehearing petition in *Bell* was granted on November 23, 1964, and, by order on April 9, 1965, the trial court's judgment of conviction was reversed by this Court.

applying the general saving clause to circumstances like those in the present case.

Moreover, some of the wording of the general saving clause, like the wording in the *Johnson* opinion previously discussed, suggests that the general saving clause is inapplicable in criminal cases where the trial and sentencing occur after the effective date of the new law which is more favorable to the defendant.[3] Thus, the language of the general saving clause preserves "any penalty, forfeiture or liability, either civil or criminal, *which shall have been incurred* under such [repealed or amended] statute . . . ." (Emphasis added). In light of the presumption of innocence, it is reasonable to conclude that Waker did not *incur* criminal liability and a criminal penalty until the conclusion of his trial in December 2009. Therefore, what the general saving clause should preserve was Waker's criminal liability and sentence under the law as it existed in December 2009.

Cases in other jurisdictions support the view that a general saving clause should not be applied to enforce criminal penalties which have been repealed and replaced with a less severe punishment. Several state courts have deemed the legislature's reduction in the penalty for certain crimes as a signal that the legislature has determined that the earlier, harsher penalty is no longer appropriate. The Court of Appeals of New York in *People v. Oliver*, 1 N.Y.2d 152, 159, 151 N.Y.S.2d 367, 134 N.E.2d 197, 201 (1956), like this Court in *State v. Kennerly, supra*, 204 Md. 412, 104 A.2d 632, pointed out that general saving clauses "have been read by this court to 'provide merely a principle of construction.'" With regard to the statutory reduction of penalties for criminal offenses, the Court of Appeals of New York Court held that,

"where an ameliorative statute takes the form of a reduction of punishment for a particular crime, the law is settled that

---

**3.** Of course, where the new law enacted after the offense is less favorable to the defendant, the *ex post facto* prohibition in Article 17 of the Maryland Declaration of Rights would require the application of the law at the time of the offense.

the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date...." 1 N.Y.2d at 159–160 [151 N.Y.S.2d 367], 134 N.E.2d at 201.

When the Rhode Island Legislature reduced the criminal penalties available for the crime of conspiracy, the Supreme Court of Rhode Island held that the "more lenient treatment" was applicable, explaining that (*State v. Macarelli,* 118 R.I. 693, 375 A.2d 944, 947 (1977))

"[I]t is apparent that the Legislature thought it inequitable to punish a conspiracy to commit a crime more harshly than the underlying substantive offense itself. Therefore, in light of the legislative decision to mitigate penalties associated with the crime charged, we believe that all those whose cases have not been reduced to final judgment prior to the enactment of the ameliorative statute should be accorded the more lenient treatment provided therein. To hold otherwise, we believe, would amount to nothing more than arbitrary retribution in contravention of the obvious legislative purpose behind the mitigation of the penalty. In such instances, the purpose for applying the general savings statute vanishes."

Many other state courts have similarly held, despite the existence of general saving clauses, that when the legislature lessens a penalty, it is appropriate to enforce the lighter punishment. *See, e.g., State v. Stafford,* 129 P.3d 927, 932–933 (Alaska Ct.App.2006); *In re Estrada,* 63 Cal.2d 740, 48 Cal. Rptr. 172, 408 P.2d 948, 951 (1965); *State v. Wilson,* 279 Mont. 34, 926 P.2d 712, 715–716 (1996); *State v. Randolph,* 186 Neb. 297, 183 N.W.2d 225, 228–229 (1971), *cert. denied,* 403 U.S. 909, 91 S.Ct. 2217, 29 L.Ed.2d 686 (1971); *State v. Pardon,* 272 N.C. 72, 157 S.E.2d 698, 702 (1967); *State v. Cummings,* 386 N.W.2d 468, 472 (N.D.1986).

In sum, we hold that the sentence imposed upon Waker was illegal because it was not authorized by the statute in effect at the time of his trial and sentencing.

**14**

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AND REMAND THE CASE TO THAT COURT FOR A NEW SENTENCING PROCEEDING CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.