*Zuri Kelly v. State of Maryland*, No. 68, September Term, 2023. Opinion by Zarnoch, J.

**STATUTES – RETROACTIVITY –** Statutes are presumed to operate prospectively. However, there are exceptions to this presumption: 1) a legislative change affecting procedure only and not substantive rights; 2) a statute that has remedial effect and does not impair vested rights; and 3) a statute that affects a matter still in litigation. An important caveat to each of these exceptions is that they cannot be applied if the General Assembly expresses a contrary intent.

**STATUTES – RETROACTIVITY –** In 2023, the Legislature passed a law generally preventing law enforcement officers from stopping or searching a vehicle solely on the basis of the odor of cannabis and excluding such evidence from being admitted in judicial proceedings. Before the new law took effect, appellant was convicted of certain offenses after the odor of cannabis was admitted into evidence to justify a search. After sentencing and the taking of an appeal, he argued that the new law applied retroactively. However, the intent of the General Assembly expressed in the text of the new law indicates to the contrary. The statute provides that evidence discovered or obtained "in violation of this section" is not admissible in a proceeding. However, there was no violation of the statute when the search was conducted. Thus, the exclusionary rule was not intended to apply until such a violation could occur, viz., after the new law took effect.

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 68

September Term, 2023

---

ZURI KELLY

v.

STATE OF MARYLAND

---

Arthur,
Tang,
Zarnoch, Robert A.
  (Senior Judge, Specially Assigned),

JJ.

---

Opinion by Zarnoch, J.

---

Filed: June 27, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

In 2023, the General Assembly passed legislation generally preventing law enforcement officers from stopping or searching vehicles solely on the basis of the odor of cannabis and, among other things, excluding such evidence from being admitted in judicial proceedings. The principal issue in this case is whether this legislation was intended to apply retroactively to cases pending on direct appeal.[1] For reasons stated below, we conclude that the text of the 2023 legislation indicates the General Assembly's intent that the law does not apply retroactively.

In 2021, Zuri Kelly, appellant, was arrested and charged, in the Circuit Court for Baltimore County, with various narcotics-related offenses after a police officer, upon detecting the odor of cannabis emanating from Kelly's vehicle during a traffic stop, conducted a warrantless search of Kelly's vehicle and found evidence of drug possession and distribution. Prior to trial, Kelly filed a motion to suppress the evidence found in his vehicle. That motion was denied. Kelly thereafter entered a conditional plea of guilty to one count of possession with intent to distribute cocaine, and the court sentenced Kelly to a total term of twelve years' imprisonment, with all but two years suspended. This timely appeal followed.

While Kelly's appeal was pending, a new law governing searches pursuant to the odor of cannabis became effective in Maryland. That law, which was codified in § 1-211 of the Criminal Procedure Article ("CP") of the Maryland Code, prohibited a police officer

---

[1] This is often referred to as "pipeline retroactivity." *See* Frederick J. Melkey, *Creating New Law or Restoring the Old? – Retroactivity and the Americans with Disabilities Amendments Act of 2008: A Comment on EEOC v. Autozone*, 34 N.C. Cent. L. Rev. 1, 11 (2011).

from conducting a search of a person's vehicle based solely on the odor of cannabis. The law also stated that any evidence obtained in violation of the statute was inadmissible.

Subsequent to CP § 1-211 becoming effective, Kelly filed his brief in the instant case, presenting a single question for our review. For clarity, we have rephrased that question as[2]:

> Is CP § 1-211 applicable in Kelly's case, even though Kelly was convicted and sentenced before the statute became effective and the text of the enactment indicates the prospectivity of its terms?

For reasons to follow, we hold that CP § 1-211 does not apply retroactively and is inapplicable to the facts presented here. Accordingly, we affirm the judgment of the circuit court.

## BACKGROUND

On May 9, 2021, Kelly was driving in the area of Route 40 and Rosedale Avenue when he was stopped by a police officer for speeding. Upon making contact with Kelly, the police officer observed "a distinct odor coming from the vehicle[,]" which the officer recognized as "both burning and fresh unburned [cannabis.]" Based on that observation, the officer ordered Kelly to step out of the vehicle. The officer then conducted a search of Kelly's vehicle and discovered a bag containing cannabis and other drug-related paraphernalia. Kelly was arrested, and a subsequent search of Kelly's person revealed

---

[2] Kelly phrased his question as: "Does [CP § 1-211], which prohibits vehicle searches based solely on the odor or possession of cannabis, govern this appeal, which was pending on direct review when that statute took effect?"

various quantities of cocaine and Oxycodone. Kelly was thereafter charged with several offenses based on the evidence found in his vehicle and on his person.

Prior to trial, Kelly filed a motion to suppress the physical evidence found in his vehicle and on his person. That motion was denied on March 29, 2022.

On February 27, 2023, Kelly entered a conditional plea of guilty to one count of possession with intent to distribute cocaine. The State dismissed the remaining charges. Under the terms of his conditional plea, Kelly agreed that his right to appeal would be limited "to the pretrial issues litigated in Baltimore County Circuit Court[.]" That same day, the court imposed sentence.

On March 1, 2023, Kelly noted an appeal in this Court. On July 1, 2023, while Kelly's appeal was pending in this Court, CP § 1-211 became effective. As noted, the law prohibited a police officer from conducting a search of a person's vehicle based solely on the odor of cannabis and rendered inadmissible any evidence obtained in violation of the statute.

## DISCUSSION

Kelly argues that, pursuant to CP § 1-211, the evidence obtained during the search of his vehicle must be suppressed because that search was based solely on the odor of cannabis. Recognizing that CP § 1-211 did not become effective until after he was convicted and sentenced, Kelly nevertheless insists that the statute should govern his appeal. First, Kelly argues that this Court should apply the law as it exists today, rather than as it existed prior to his conviction and sentencing, because "an appellate court typically applies a change in criminal procedure to cases that were pending on direct review

3

when that change occurred."  Second, Kelly argues that CP § 1-211 should govern this appeal because the statute "satisfies the traditional principles for retroactive application in Maryland" and because "[t]he broad language and legislative history of CP § 1-211 necessarily imply that the General Assembly intended it to apply retroactively."

The State, on the other hand, contends that CP § 1-211 has no application here.[3] Regarding Kelly's claim that this Court should apply the law as it exists today, the State argues that that general rule applies to the relevant case law, not a statute, particularly where, as here, the statute was enacted after conviction and sentencing.  As to whether CP § 1-211 should be applied retroactively, the State notes that all statutes are presumed to apply prospectively unless the Legislature has indicated a contrary intent or unless the statute satisfies the traditional principles for retroactive application.  The State argues that neither exception applies here.  The State contends, therefore, that CP § 1-211 should be applied prospectively, which would make it inapplicable in Kelly's case.

It is undisputed that the search of Kelly's vehicle was based solely on the odor of burnt or unburnt cannabis.  It is equally undisputed that Kelly's subsequent conviction and sentencing all occurred prior to July 1, 2023, which is when CP § 1-211 became effective.

---

[3] The State argues, preliminarily, that Kelly's argument has not been preserved for appellate review because Kelly never raised the argument below and because Kelly, as part of his conditional guilty plea, agreed that all appellate issues would be limited to those issues actually litigated in the circuit court.  We find no merit to the State's preservation argument.  Obviously, Kelly could not raise the issue in the circuit court because the statute did not become effective until after he was convicted and sentenced.  We shall therefore exercise our discretion and consider the issue.  *See White v. State*, 223 Md. App. 353, 402 (2015) (noting that the power to decide an unpreserved issue is solely within the appellate court's discretion).

Because Kelly does not challenge the search of his vehicle on any grounds other than that the search violated CP § 1-211, the sole question here is whether the exclusionary remedy provided by CP § 1-211 is applicable to a defendant who is convicted and sentenced before the statute's effective date.

## *Standard of Review*

Questions of statutory interpretation are legal issues that we review *de novo*. *Romeka v. RadAmerica II, LLC*, 485 Md. 307, 323 (2023). In construing a statute, we begin with "'the language of the statute itself.'" *Holmes v. State*, 236 Md. App. 636, 651-52 (2018) (quoting *Seal v. State*, 447 Md. 64, 70 (2016)). "'If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose,' our inquiry as to legislative intent ends ordinarily and we apply the statute as written, without resort to other rules of construction." *Agnew v. State*, 461 Md. 672, 679 (2018) (further quotation marks and citation omitted) (quoting *Harrison-Solomon v. State*, 442 Md. 254, 265 (2015)). "If, however, the language is ambiguous, we move on to examine case law, the structure of the statute, statutory purpose, and legislative history to aid us in ascertaining the intent of the General Assembly." *Holmes*, 236 Md. App. at 652 (quotation marks and citation omitted).

## *Principles of Retroactivity*

"'Retrospective statutes are those acts which operate on transactions which have occurred or rights and obligations which existed before passage of the act.'" *United Ins. Co. of Am. v. Md. Ins. Admin.*, 450 Md. 1, 27 (2016) (further quotation marks and citation omitted) (quoting *Muskin v. State Dep't of Assessments & Tax'n*, 422 Md. 544, 557

(2011)).  "'The question whether a statute operates retrospectively, or prospectively only, ordinarily is one of legislative intent.'"  *State v. Smith*, 443 Md. 572, 588 (2015) (quoting *Langston v. Riffe*, 359 Md. 396, 406 (2000)).  "In determining this intent, '[s]tatutes are presumed to operate prospectively; consequently, absent manifest legislative intent to the contrary, statutes may not be given retrospective or retroactive application.'"  *Graves v. State*, 215 Md. App. 339, 350 (2013) (quoting *Gregg v. State*, 409 Md. 698, 714 (2009)).

There are, however, exceptions to the presumption that statutes are to be applied prospectively.  First, "'a statute effecting a change in procedure only, and not in substantive rights, ordinarily applies to all actions whether accrued, pending or future, unless a contrary intention is expressed.'"  *Id.* (further quotation marks and citation omitted) (quoting *Gregg*, 409 Md. at 714-15).  Second, a statute that has a remedial effect, and does not impair vested rights, can be applied retroactively.  *Id.* at 351.

Regarding the first exception, the Supreme Court of Maryland has explained that "'a law is substantive if it creates rights, duties and obligations,' and procedural if it 'simply prescribes the methods of enforcement of those rights.'"  *Smith*, 443 Md. at 590 (quoting *Langston*, 359 Md. at 419).  In other words, a statute is procedural if the effect of the statute "'is not to impair existing substantive rights, but only to alter the procedural machinery involved in the enforcement of those rights, or the remedies available to enforce them[.]'"  *Est. of Zimmerman v. Blatter*, 458 Md. 698, 729 (2018) (quoting *Langston*, 359 Md. at 419).

Similarly, a statute is remedial, and thus falls within the second exception, if it "'provide[s] a remedy, or improve[s] or facilitate[s] remedies already existing for the

enforcement of rights and the redress of injuries.'" *Smith*, 443 Md. at 592 (quoting *Doe v. Roe*, 419 Md. 687, 703 (2011)). A statute may also be remedial if it is "'designed to correct existing law'" or if it is "'intended for the correction of defects, mistakes[,] and omissions in the civil institutions and the administration of the [S]tate.'" *Est. of Zimmerman*, 458 Md. at 729-30 (quoting *Langston*, 359 Md. at 408-09).

The majority opinion in *In re M.P.*, 487 Md. 53, 86 (2024), described another "exception" to the general rule of prospectivity – the rule that absent a contrary legislative intent, a statute that affects a matter still in litigation will be applied by a reviewing court even though the statute was not law when the lower court decision was handed down.[4]

An important caveat to each of these exceptions is that they cannot be applied if the General Assembly expresses a contrary intent. *See id.* (matter still in litigation); *Smith*, 443 Md. at 589 (procedure); and *Landsman v. Md. Home Improvement Comm'n*, 154 Md. App. 241, 251 (2003) (remedy).

### *Relevant Cannabis Law*

Prior to 2014, possession of cannabis in any amount was considered a criminal offense in Maryland. Md. Code, Crim. Law § 5-601 (effective to September 30, 2014). At the time, it was well settled that the smell of cannabis emanating from a vehicle constituted probable cause to justify a warrantless search of that vehicle. *Johnson v. State*, 254 Md. App. 353, 371 (2022).

---

[4] This decision, which will be described in greater detail *infra*, states that retroactivity was not at issue in that case. *In re M.P.*, 487 Md. at 93 ("In this instance, retroactive application of a jurisdictional amendment is not at issue[.]").

In 2014, the Maryland General Assembly enacted a law making the possession of less than ten grams of cannabis a civil offense. *Lewis v. State*, 470 Md. 1, 9 (2020). Despite that change, the Supreme Court of Maryland consistently held that the odor of cannabis remained evidence of a crime and permitted a warrantless search of a vehicle. *E.g.*, *In re D.D.*, 479 Md. 206 (2022); *Pacheco v. State*, 465 Md. 311 (2019); *Robinson v. State*, 451 Md. 94 (2017).

In 2022, Maryland voters approved of a constitutional amendment that permitted, as of July 1, 2023, the use and possession of cannabis by an individual in the State who is at least twenty-one years old. Md. Const., art. XX, § 1 (effective December 14, 2022). That same year, the General Assembly overhauled Maryland's cannabis laws in light of the new constitutional amendment. 2022 Md. Laws, ch. 26. Under the new laws, the use and possession of a certain quantity of cannabis (the "personal use amount") would be legal for individuals who were at least twenty-one years old. *Id.* Possession of more than the personal use amount but less than a certain quantity (the "civil use amount") would be a civil offense and result in a fine. *Id.* Possession of more than the civil use amount was a crime punishable by imprisonment and/or a fine. *Id.* Those changes were to take effect on July 1, 2023. *Id.*

The following year, during the 2023 legislative session, the General Assembly enacted CP § 1-211, which, as noted, also became effective July 1, 2023. Acts of 2023, ch. 802, § 2. That law states, in pertinent part, that "[a] law enforcement officer may not initiate a stop or a search of a person, a motor vehicle, or a vessel based solely on . . . the

8

odor of burnt or unburnt cannabis[.]" CP § 1-211(a)(1).[5] The law states further that "[e]vidence discovered or obtained in violation of this section, including evidence discovered or obtained with consent, is not admissible in a trial, a hearing, or any other proceeding." CP § 1-211(c).

To date, neither this Court nor the Supreme Court of Maryland has determined whether CP § 1-211 should be applied retroactively. Looking at other jurisdictions, we have found one case from our neighboring state of Virginia, *Street v. Commonwealth*, 876 S.E.2d 202 (Va. Ct. App. 2022), that is instructive. There, the defendant's vehicle was subjected to a warrantless search after a police officer detected the odor of cannabis emanating from the vehicle. *Id.* at 205. During the search, the police discovered a firearm, and the defendant was arrested for illegal possession of a firearm. *Id.* After the defendant was indicted, but before trial, a new law, Va. Code Ann. § 4.1-1302(A), became effective in Virginia. *Id.* Under that law, the police were prohibited from conducting a search based solely on the odor of cannabis, and any evidence obtained in violation of the law was inadmissible. *Id.* The defendant thereafter filed a motion to suppress and argued that the new law should be applied retroactively. *Id.* The motion was denied, and the defendant was convicted. *Id.* After the defendant appealed, the Court of Appeals of Virginia affirmed, holding that the new law was inapplicable to searches that occurred prior to the law's effective date. *Id.* at 209. In reaching that decision, the Court provided the following relevant analysis:

---

[5] The statute also prevents law enforcement officers from stopping a vehicle because of the presence of cash or currency in proximity to cannabis.

9

Clearly, Code § 4.1-1302(A) does not contain an express statement indicating that it is to be applied retroactively. Examining the language of the statute as a whole actually leads to a contrary conclusion regarding the intent of the General Assembly. In a single sentence, the statute specifically provides in relevant part, first, that no law enforcement officer "may lawfully . . . search . . . any person, place, or thing . . . solely on the basis of the odor of marijuana" and, second, that "no evidence discovered or obtained *pursuant to a violation of this subsection* . . . shall be admissible in any trial, hearing, or other proceeding." Code § 4.1-1302(A) (emphasis added). In other words, the first portion of the statute (the "right" prong) gives individuals a new right to be free from searches that are based solely on the odor of marijuana. The second portion (the "remedy" prong) grants the remedy of exclusion of evidence for a violation of that specific new right.

The single sentence is clear and unambiguous, and provides the roadmap for its application. The ability to invoke the exclusionary "remedy" prong of the statute is expressly contingent upon "discover[y of the evidence] pursuant to a violation of [the 'right' prong of] this subsection." Further, the "right" prong – entitling individuals to be free from specified searches and seizures based solely on the odor of marijuana – did not exist prior to the effective date of the predecessor statute[.] Simply put, the 2019 search could not violate a nonexistent statute, and the 2021 "remedy" provision contained . . . in Code § 4.1-1302(A) consequently does not apply to that search. As a result, a plain reading of the statute supports application of the general rule that it does not apply retroactively.

*Id.* at 207 (internal citations omitted).[6]

---

[6] The Virginia Court also noted that "[b]ecause the language of the statute is clear, we do not examine the nature of its provisions to classify them as procedural or substantive[.]" *Street*, 876 S.E.2d at 209 n.10. The Court crystallized its conclusions:

In sum, because the statutory prohibition on searches based solely on the odor of marijuana could not be violated before Code § 4.1-1302(A) or its predecessor took effect, the General Assembly provided clear instruction that the accompanying exclusionary provision applies only prospectively. Therefore, under the express language of the statute, the trial court did not err by denying the appellant's motion to suppress the evidence obtained as a result of the search of his vehicle.

*Id.* at 208.

In our discussion of relevant authority, we must examine *In re M.P.*, which was handed down a little more than a week before this case was argued. There, a 5-2 majority of the Supreme Court of Maryland determined that a legislative change to the jurisdiction of juvenile courts removing certain children under the age of thirteen from juvenile proceedings applied to proceedings pending at the time the law took effect. 487 Md. at 62. Specifically, the Court noted that "retroactive application of a jurisdictional amendment is not at issue because the jurisdictional question here concerns the authority of the juvenile court" to take action subsequent to the effective date of the legislation. *Id.* at 93. Thus, applying the change to prevent any judicial action after the effective date is applying it prospectively. The Majority noted that its conclusion was consistent with the principle that the courts generally apply the law in effect when the case is considered, not when the alleged offense occurred. The Court took pains to observe: "Nothing in this opinion should be interpreted as concluding that a juvenile court would lack jurisdiction with respect to a child under the age of 13 who had already been found delinquent at the time [the law took effect]." *Id.* at 97 n.22. Finally, the Majority said that it reached its holding "[i]n the absence of instruction otherwise from the General Assembly[.]" *Id.* at 85.

### The Instant Case

Applying those principles to the instant case, we hold that CP § 1-211 is not retroactive and is therefore inapplicable under the facts presented here. As with the statute at issue in *Street v. Commonwealth*, CP § 1-211 has two relevant prongs: a "right" prong, namely, that a law enforcement officer may not initiate a search of a vehicle based solely on the odor of burnt or unburnt cannabis; and a "remedy" prong, namely, that "[e]vidence

11

discovered or obtained *in violation of this section*" is inadmissible. CP § 1-211(a), (c) (emphasis added). By structuring the statute in such a manner, the Maryland General Assembly clearly indicated that, for a defendant to avail himself of the "remedy" of exclusion, the evidence at issue must have been discovered in violation of the "right" established by the statute. Clearly, that "right" did not exist before the statute became effective. Although cannabis reform in Maryland began in earnest in 2014 when the General Assembly decriminalized the possession of less than ten grams of cannabis, *see* 2014 Md. Laws, ch. 158, our courts have consistently reaffirmed, as recently as 2022, the general rule that the odor of cannabis is evidence of a crime and therefore justifies the warrantless search of an automobile. *E.g., Johnson*, 254 Md. App. at 371. Moreover, we could find nothing in the relevant case law to suggest that the changes to the cannabis laws in 2022, which legalized the possession of a "personal use amount" and decriminalized the possession of a "civil use amount," would necessarily have resulted in our abrogating the general rule permitting a search of a vehicle based on the odor of cannabis, particularly given that the possession of cannabis beyond the "civil use amount" remained a crime under the 2022 enactments. It was not until CP § 1-211 became effective that the "right" at issue, i.e., the prohibition against warrantless searches of automobiles based solely on the odor of cannabis, came to fruition. Importantly, because the exclusionary remedy provided by CP § 1-211 was made contingent upon a violation of the right created by the statute, the General Assembly sent a clear message that the statute was not merely procedural or remedial, but rather was a substantive change to existing rights, as well as

12

the duties and obligations of law enforcement officers. Consequently, CP § 1-211 cannot, and should not, be applied retroactively to the search at issue in the instant case.

Kelly contends that "an appellate court typically applies a change in criminal procedure to cases that were pending on direct review when that change occurred." Citing that principle and the Supreme Court of Maryland's holding in *Waker v. State*, 431 Md. 1 (2013), Kelly argues that CP § 1-211 should govern his appeal.

We do not find that case to be applicable under the facts presented here. There, the defendant was arrested and charged with theft of property valued at $615, a crime that, at the time, was punishable by imprisonment not exceeding ten years. *Waker*, 431 Md. at 2-3. Prior to trial, the General Assembly amended the statute so that thefts of property valued at less than $1,000 were punishable by imprisonment not exceeding eighteen months. *Id.* at 2. The defendant was subsequently convicted and sentenced to ten years imprisonment, despite the fact that the new theft statute had become effective prior to the defendant's trial and sentencing. *Id.* at 3. Ultimately, the Supreme Court of Maryland held that the defendant's ten-year sentence was illegal because it violated the relevant statute in effect at the time of the defendant's trial and sentencing. *Id.* at 13.

Here, we are not concerned with the propriety of a sentence that was rendered in violation of a statute that went into effect *before* the defendant was actually tried and sentenced. Rather, we are tasked with deciding whether a defendant should receive the benefit of a substantive (not procedural) change in the law affecting searches which did not go into effect until after the search, conviction, and sentencing, where there was nothing

13

illegal about the search when it was conducted and where the language of the newly-created law indicates that it is to be applied prospectively. As such, *Waker* is simply inapposite.

Nor does the Maryland Supreme Court's recent decision in *In re M.P.*, where the practical equivalent of partial pipeline retroactivity was found, mandate a similar result here. The Court declined to rest its decision on principles of retroactivity and additionally declined to apply the law in question to juveniles already found delinquent. That is not the case here, where Kelly was convicted and sentenced before the effective date of the legislative change. But most importantly, this case noted the absence of "instruction otherwise from the General Assembly[.]" 487 Md. at 85. Here, we have such instruction, viz., an intent expressed in the language of the legislation that the law not be applied retroactively.

Kelly argues, alternatively, that the legislative history of CP § 1-211 implies that the General Assembly intended for it to apply retroactively. We disagree. To be clear, we see no reason to delve at length into the snippets of legislative history set forth by Kelly, because the General Assembly's intent is clear based on the statute's plain language.[7]

Nevertheless, we do not mean to ignore legislative history materials suggesting that CP § 1-211, at least in part, was intended to address racial disparities arising from stops and seizures based on the odor of cannabis – arguments apparently aimed at the "rights"

---

[7] In the pecking order of indicia of legislative intent, the text of the statute stands in privileged status at the very pinnacle.

portions of the legislation.[8]  Obviously, the "remedy" component of the statute, i.e., the

exclusionary rule, was intended to deter law enforcement officers from violating the

"rights" portion of the enactment.

We find persuasive, however, the cogent remarks of the Supreme Court of New

Jersey in *State v. Burstein*, 427 A.2d 525, 531 (N.J. 1981):

> In cases where the new rule is an exclusionary rule, meant solely to deter
> illegal police conduct, the new rule is virtually never given retroactive effect.
> The reason is that the deterrent purposes of such a rule would not be advanced
> by applying it to past misconduct.

The retroactivity of the exclusionary rule in CP § 1-211 does not sanction law enforcement

officers who did not act illegally before the effective date of the 2023 statute and does not

deter future conduct any more than the prospective provisions of CP § 1-211.  The very

notion of determent of future misconduct is not served by retroactive application of an

exclusionary rule.

### *Conclusion*

In sum, we hold that the text of CP § 1-211 demonstrates that it was intended to

apply prospectively from its effective date of July 1, 2023.  Because the search at issue and

Kelly's subsequent conviction and sentencing all occurred prior to that date, neither the

right nor the remedy provided by the statute is available to him.  Accordingly, we affirm.

**JUDGMENT OF THE CIRCUIT COURT
FOR BALTIMORE COUNTY AFFIRMED;
COSTS TO BE PAID BY APPELLANT.**

---

[8] There is no contention that race played any role in the vehicle stop and search in
this case.